[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION
The plaintiff has requested by motion filed November 30, 1998, that I articulate the basis for my November 17, 1998 denial of plaintiff's Motion to Set Aside the Verdict and Judgment in the above matter. This case was tried before a jury and on October 1, 1998, the jury returned a verdict on the Plaintiff's Verdict form, finding that the defendant was 63% negligent but awarding zero damages to the plaintiff. I questioned the jury about the basis for this verdict, in court and on the record. The jurors affirmed that they found defendant negligent but did not find that defendant's negligence proximately caused plaintiff's injuries. I then instructed them to return to the deliberation room and execute the proper form so as to render a verdict for the defendant. The plaintiff objected to this instruction and in her posttrial motion, she reiterated that this instruction was improper and argued that the verdict and judgment were contrary to the evidence and to the law.
By way of background, the jury had been deliberating for some time when they submitted the following question: "Are we being asked to determine if the defendant is responsible for the CT Page 188 accident itself? Or does negligence refer only to responsibility for the injuries?" Court Exhibit B. I read this question as one focusing on the "proximate cause" instruction in the charge. In response to the jury's question, I again explained that it first had to decide whether the defendant was negligent, and second, if the jurors found that the defendant was negligent, or more negligent than the plaintiff, then they had to decide whether that negligence was the proximate cause of plaintiff's injuries. Within a very short time after I gave them this instruction, the jury returned a verdict on the Plaintiff's Verdict form, finding that the defendant was 63% negligent but awarding zero damages to the plaintiff. Based on the earlier question from the jury, by which it sought clarification of negligence and proximate cause, it seemed obvious to me that the jury had found no proximate cause between the defendant's negligence and plaintiff's injuries and had executed the wrong verdict form. I then asked the jury, "As I understand this verdict is that you found that the defendant was negligent, but you don't find that the negligence was the proximate cause of the plaintiff's injuries?" The jury responded affirmatively (October 1, 1998 Trial Transcript at p. 2.) and I concluded from this inquiry that the jury had found in favor of the defendant but had expressed its verdict on the wrong form. I then instructed the jury to return to the deliberation room and complete the Defendant's Verdict form.
A trial court is vested with broad discretion to set aside a verdict, Ginsberg v. Fusaro, 225 Conn. 420, 425 (1993), and has inherent power to set aside a verdict even when no motion is made by either party. Id. at 427. In this case, as ascertained by the in-court inquiry outlined above, the jury determined that the plaintiff was not entitled to any recovery of damages because she failed to prove proximate cause. I disapproved the jury's verdict as expressed on the Plaintiff's Verdict form, as articulated above, and technically set aside the verdict by instructing the jury to complete the form that conformed to their findings. In doing so, however, I did not change the the substance of the jury's verdict. The jury had expressed its verdict on the wrong form, resulting in an improperly expressed defendant's verdict.Compare Malberg v. Lopez, 208 Conn. 675, 79-81 and n. 3 and 4 (1988) (no inquiry was made at trial to determine the underlying basis for a plaintiff's verdict with a zero damage award).
Inasmuch as the jury as the finder of fact was free to conclude that the plaintiff's damages were not caused by the defendant's negligence, as it apparently did, I accepted a CT Page 189 verdict for the defendant and judgment entered accordingly.
For the foregoing reasons, plaintiff's Motion to Set Aside the Verdict and Judgment was denied.
PELLEGRINO, J.